GEORGE ELKINS v. THE STATE.

No. 855. Decided May 24, 1899.

**Fences—Failure to Remove from Another's Lands—Information.**

An information brought under article 798, Penal Code, for failure to remove a fence from the land of another after six months notice, and which article makes each ten days failure thereafter to remove said fence, an offense, must, to be sufficient, allege that the fence was not removed within ten days after the expiration of the six months notice to remove it.

APPEAL from the County Court of Wilson. Tried below before Hon. A. R. STEVENSON, County Judge.

Appeal from a conviction for failure to remove a fence from the lands of another after six months notice to do so; penalty, a fine of $10.

The information, omitting formal parts, charged appellant with "failing to disconnect his fence and remove the same back upon his own land from the fence of the said W. C. Mills after the expiration of six months notice in writing from the said W. C. Mills to the said George Elkins to so disconnect his said fence from that of the said W. C. Mills, and withdraw the same back upon his own land. The said fence of the said W. C. Mills being wholly upon his own land, he being then and there the owner of said fence to which the said George Elkins had joined his fence."

Defendant filed a motion to quash, because, "first, it does not appear from the face of either said information or affidavit that an offense against the law was committed by the defendant; second, neither said information nor affidavit alleges, as they should to charge defendant with the commission of an offense, that defendant failed, for ten days after the expiration of notice in writing, for at least six months, to disconnect his fence from that of W. C. Mills and withdraw the same back on his own land, to comply with his said demand, it requiring under the statute said ten days failure to constitute an offense of the kind attempted to be charged."

This motion was overruled.

*Polley & McCracken* and *T. P. Morris*, for appellant.

*Robt. A. John*, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged by affidavit and information with failing to disconnect his fence from that of another, and remove the same back upon his own land, after six months notice in writing, was convicted, and appeals.

Motion was made to quash, as well as in arrest of judgment. This information was brought under article 798, Penal Code, which requires the owner of any fence, whose fence is upon the land of, and connected with that of, another, to remove the same after six months notice under the terms of the statute. The statute provides that each ten days failure after such notice shall constitute a separate offense. We suppose the Legislature intended to make this ten days failure to remove the fence, which is said to constitute a part of the offense, to apply only after the expiration of the six months notice. It was certainly not intended that the party should be guilty for every ten days during six months required to perfect the notice. The information fails to negative the fact that the fence was removed within the ten days after the expiration of the six months notice. It occurs to us that the information should have charged that the fence was not removed within ten days after the perfection of the notice. If it takes the failure to remove the fence for ten days to constitute the offense, then this must be alleged. This has not been done, and, in our judgment, the information is defective in this respect; and the judgment is reversed, and the prosecution ordered dismissed.

*Reversed and dismissed.*